Patricia **LOGAN**, **Plaintiff**

v.

**CORNING, INC., Defendant.**

**No. 92–4294–DES.**

United States District Court, D. Kansas.

Nov. 29, 1994.

---

3. According to the complaint, plaintiff's cause of action accrued, at the earliest, on August 18, 1993.

**48**

Randall J. Forbes, S. Eric Steinle, Frieden, Haynes & Forbes, Topeka, KS, and D. Randall Heilman, Heilman & Heilman, Council Grove, KS, for plaintiff.

Steven B. Moore, Watson & Marshall L.C., Olathe, KS, and John E. Taylor and Laurence R. Tucker, Watson & Marshall L.C., Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's motion for partial summary judgment (Doc. 68). Plaintiff opposes the motion (Doc. 85).

## I. INTRODUCTION

This is a products liability action and plaintiff proceeds on legal theories including strict liability in tort, negligence, and breach of express and implied warranties.

Plaintiff Patricia Logan ("Logan"), claims that she was injured when a Visions brand 4.5 liter covered saucepot, manufactured by Corning, Inc., broke without warning, and for no apparent reason, while she was washing it in her sink. The cookware had been advertised as tough and durable.

Logan suffered severe lacerations to her right wrist from one of the large shards. The laceration resulted in a severed artery as well as severed ulnar nerves and tendons. Logan has been disfigured and permanently, partially disabled.

Logan seeks compensation for medical expenses; lost future wages; pain and suffering; loss of society, comfort and companionship; and lost or impaired, services and domestic duties. She seeks actual damages of approximately $655,000 and punitive damages of $10,000,000.

## II. DEFENDANT'S PARTIAL SUMMARY JUDGMENT CLAIM

Defendant Corning, Inc., ("Corning") contends that Logan caused her own injuries and was not injured because defendant's product was defective.

Concerning Logan's claims for punitive damages, Corning claims: (1) it was never made aware of any defect of design or manufacture of its Visions cookware; (2) it did not willfully, wantonly, fraudulently or maliciously fail to recall the Visions cookware; and (3) it did not willfully, wantonly, fraudulently or maliciously fail to warn the public of a defect in the Visions cookware, because there is none.

## III. SUMMARY JUDGMENT STANDARDS

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The substantive law identifies which issues are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could

find for the nonmovant. *Id.* Only genuine disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. *Id.*

■ The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat. Laboratory*, 992 F.2d 1033, 1036 (10th Cir. 1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the [nonmovant's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. at 2552–53. Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must go beyond the pleadings and, by affidavits or the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is some genuine issue for trial. Fed.R.Civ.P. 56(c). *See also Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. (interpreting 56(e)).

■ Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2552–53.

■ When examining a motion for summary judgment, the court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block*, 788 F.2d. 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues").

■ Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. That is, the court decides whether there are any genuine factual issues that can be resolved only by a trier of fact because they reasonably may be resolved in favor of either party. *Id.*

## IV. DISCUSSION

Defendant Corning claims that because Plaintiff Logan cannot show by clear and convincing evidence that Corning acted wantonly, Corning is entitled to partial summary judgment on Logan's punitive damage claim.

■ In Kansas, a claim for punitive damages is governed by statute, K.S.A. 60–3702. K.S.A. 60–3702(c) provides: "In any civil action where claims for exemplary or punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud, or malice." Logan does not contend that Corning's behavior constituted willful conduct, fraud or malice. The issue, is, therefore, whether Logan can show that Corning acted toward her with wanton conduct.

In *Cerretti v. Flint Hills Electric Co-op Ass'n*, 251 Kan. 347, 837 P.2d 330, 346 (1992), the Kansas Supreme Court defined a wanton act, "as something more than ordinary negligence but less than a willful act. It must indicate a realization of the imminence of danger and a reckless disregard and indifference to the consequences. Wantonness is said to be the mental attitude of the wrongdoer rather than a particular act of negligence."

■ The clear and convincing standard, under Kansas law, "is not a quantum of proof, but rather a quality of proof; thus, the plaintiff establishes a claim by a preponderance of the evidence, but this evidence must be clear and convincing in nature." *Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438, 448, 827 P.2d 24 (1992). This proof is required by the statute in the *initial phase*

*of the trial* (emphasis added). K.S.A. 60–3702.

The court finds that summary judgment is not the proper stage for the determination of credibility or to weigh a party's evidence. The weighing of evidence, credibility determinations and the drawing of legitimate inferences from the facts are within the province of the jury, not that of the judge. *Anderson v. Liberty Lobby, supra,* 477 U.S. at 253, 106 S.Ct. at 2512–13. In addition, wantonness goes to the mental attitude of the wrongdoer, and "summary judgment is rarely appropriate where the factfinder must determine state of mind." *Metal Trading Services v. Trans–World Services,* 781 F.Supp. 1539, 1543 (D.Kan.1991).

Summary judgment may not be granted unless the evidence establishing the absence of any genuine issue of material fact is so clear that determinations can be made as a matter of law. *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1388 (10th Cir.1986). In this case, the court can reach no such conclusion. The court, therefore, finds that the motion for partial summary judgment should be, and hereby is, denied.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's motion for partial summary judgment on the issue of punitive damages (Doc. 68) is denied.